IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR KIRLAW,

    Plaintiff,

v.

NANCY KOZAK, et al.,

    Defendants.

                                  /

No. C 07-00430 SBA (PR)

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**

    Plaintiff has filed a letter to the Court (docket no. 21), which will be construed as his second request for the appointment of counsel to represent him in this action.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of

1 these factors must be viewed together before reaching a decision on a request for counsel under
2 § 1915. See id.

3 The Court is unable to assess at this time whether exceptional circumstances exist which
4 would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at
5 an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the
6 merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the
7 complexity of the issues involved. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th
8 Cir. 2004). Accordingly, the request for appointment of counsel at this time is DENIED. This does
9 not mean, however, that the Court will not consider appointment of counsel at a later juncture in the
10 proceedings, that is, after Defendants have filed their dispositive motion and the Court has a better
11 understanding of the procedural and substantive matters at issue. Therefore, Plaintiff may file a
12 renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.
13 If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer
14 counsel to agree to represent Plaintiff pro bono.

15 This Order terminates Docket no. 21.

16 IT IS SO ORDERED.

17 DATED: 5/6/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

28 P:\PRO-SE\SBA\CR.07\Kinlaw0430.2ndDenyATTY.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTHUR KIRLAW et al,

        Plaintiff,

v.

NANCY KOZAK et al,

        Defendant.

Case Number: CV07-00430 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Kinlaw Den:00A3863
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733-0116

Dated: May 7, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Kinlaw0430.2ndDenyATTY.wpd