| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

ARTHUR KINLAW,
ATHEIA ROHNBACH,

    Plaintiffs,

v.

NANCY KOZAK, et al.,

    Defendants.

    /

No. C 07-00430 SBA (PR)

**ORDER DISMISSING PLAINTIFF ROHNBACH AND SERVING COGNIZABLE CLAIMS**

    Plaintiff Arthur Kinlaw (hereinafter "Plaintiff"), who is currently incarcerated at Sullivan Correctional Facility in New York, asserts claims on behalf of himself and his daughter, Atheia Rohnbach (hereinafter "Plaintiff Rohnbach"), in a pro se civil rights complaint under 42 U.S.C. § 1983 against two social workers and the Mendocino County Department of Social Services. Plaintiff has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in Mendocino County, which is located in this district. See 28 U.S.C. § 1391(b).

## BACKGROUND

    The following factual summary is based on the allegations in Plaintiff's complaint,[1] which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of this action. See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

    Plaintiff is currently serving "three (20) to life sentence's [sic]." (Compl. at 11.)[2] Plaintiff Rohnbach is Plaintiff's daughter, who was born on May 31, 1991. (Id. at 12.)

---

[1] The Court notes that Plaintiff's complaint is handwritten and is more than twenty-five pages long. While the Court was able to decipher Plaintiff's handwriting and review the complaint, he is directed to abide by the pleading requirements outlined below for all future briefs filed in this matter. Furthermore, Plaintiff's complaint contained numerous statements of facts and allegations that were not related to the claims against the aforementioned named Defendants; therefore, the Court will only focus on the portions in his complaint that are relevant to his claims against these Defendants.

[2] Plaintiff did not number the pages of his complaint; therefore, the Court has numbered the pages beginning with the page with the caption as page one.

On September 13, 2005, Plaintiff alleges that Defendant Nancy Kozak, a social worker employed by the Mendocino County Department of Social Services, "discriminated against Plaintiff when submitting to the Superior Court of California, County of Mendocino . . . , a[n] eight-page report in the matter of Plaintiff's biological children: Jakeima Rohnback . . . and Atheia Rohnback . . . ."[3] (Id.) Both children were "in [a] licensed foster home" during this time. (Id.)

Prior to the date of the hearing, on August 9, 2005, Plaintiff Rohnbach "requested permission from the Superior Court for the State of California, County of Mendocino . . . to have letter contact with her father, Arthur Kinlaw . . . ." (Id. at 13.)

Defendant Kozak's September 13, 2005 report stated:

> This social worker does not recommend letter contact for Atheia with Arthur Kinlaw at this time. Mr. Kinlaw is incarcerated for three 20 year to life sentences running concurrently. Atheia is fourteen years of age and has worked very hard to make significant changes in her young life. The undersigned does not believe it is in the best interest of this young lady to receive communication from Mr. Kinlaw.

(Id. (quoting Def. Kozak's Sept. 13, 2005 Report at 4-5).)

Plaintiff claims that Defendant Kozak's report shows that his incarceration was "used to deny him the opportunity to communicate with his daughter, even the time Plaintiff [was] serving is indicated, and the following facts made Defendant Nancy Kozak [sic] actions discriminatory and punitive." (Id. at 14.)

Plaintiff further notes that Defendant Kozak's September 13, 2005 report further stated, "Jakeima reported that he felt the court was trying to keep him away from his family when he was younger." (Id. at 19.) Plaintiff adds:

> Jakeima was allowed phone contact with his mother . . . who is on parole in the state of New York, for accessory to murder, and who happens to be caucasian [sic]. Whereas the Plaintiff is black and continully [sic] denied phone contact with any of his children while in the care of Mendocino County Department of Social Services.

(Id. at 19.)

Plaintiff also claims that he has "not only been discriminated against due to being incarcerated and because his is black, [but also because] Plaintiff's psychiatric condition [has] been

---

[3] The Court notes that Plaintiff has other children who were also mentioned in his complaint, but they are irrelevant to the claims against the named Defendants.

used to deny Plaintiff reunification . . . ." (Id.) He alleges that neither Defendant Mendocino County Department of Social Services, Defendant Kozak and another social worker, Defendant Melissa Phillips:

> were or are aware of the facts nor symptoms that Plaintiff experience[s] related to his condition that is experienced physically [and] biologically that are factors that work together, that has even affected Plaintiff's memory, causing employees of the Department of Social Services of Mendocino County to retaliate against Plaintiff through his children because it was felt that Plaintiff Arthur Kinlaw had threten[ed] a social worker name[d] Mr. Chuck Dumber[4] on April 20, 2003.

(Id. at 20 (footnote added).) Plaintiff filed a "number of civil rights complaints" relating to Mr. Dumber making false statements in a report submitted to the Mendocino County Superior Court in 1998 that led the court to deny Plaintiff the ability to correspond with his children. (Id. at 20-25.)

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Plaintiff Rohnbach

As mentioned above, Plaintiff asserts claims on behalf of his daughter, Plaintiff Rohnbach. Plaintiff is proceeding pro se and in that status he cannot represent anyone other than himself. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona

---

[4] Plaintiff also spells Mr. Dumber's name as "Dunber" and "Dunbar" in his complaint and the attached exhibits. The Court assumes that Plaintiff is referring to the same person.

3

has no authority to represent anyone other than himself"). Accordingly, Plaintiff Rohnbach is dismissed as a party to this action. However, said dismissal does not prevent Plaintiff Rohnbach from pursuing her claims individually through an attorney or guardian ad litem.[5]

### III. Legal Claims

#### A. First and Fourteenth Amendment Violations

Plaintiff alleges that Defendant Kozak violated his constitutional rights by writing the September 13, 2005 report and causing the state court to deny him the opportunity to communicate with his daughter, thus depriving him of his Fourteenth Amendment right to familial association. Plaintiff, who is black, also claims an equal protection violation because the alleged deprivation was based on a racial motive.

The Supreme Court has said that the Constitution protects "certain kinds of highly personal relationships." Roberts v. United States Jaycees, 468 U.S. 609, 618, 619-620 (1984). And outside the prison context, there is some discussion in Supreme Court cases of a right to maintain certain familial relationships, including association among members of an immediate family and association between grandchildren and grandparents. See Moore v. East Cleveland, 431 U.S. 494 (1977) (plurality opinion); Meyer v. Nebraska, 262 U.S. 390 (1923). However, the Supreme Court has not held that any right to intimate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners. Overton v. Bazzetta, 539 U.S. 126, 131 (2003).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a claim for relief under the Equal Protection Clause, a plaintiff must allege that the defendant acted at least in part because of the plaintiff's membership in a protected class. See Serrano v. Francis,

---

[5] Under Welfare and Institutions Code section 16001.9(a)(6), a foster child has the right to contact family members. A foster child also has the right to send and receive mail. Id. § 16001.9(a)(9). The social worker's apparent refusal to allow the minor, Plaintiff Rohnbach, to have contact with her father is inconsistent with these obligations.

4

345 F.3d 1071, 1081-82 (9th Cir. 2003). Proof of a discriminatory intent or purpose is also required. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003).

Here, Plaintiff, who is black and incarcerated, claims that Defendant Kozak drafted the aforementioned report that led him to lose his ability to have contact by mail or phone with his children. Plaintiff claims that the children's mother, who is white and on parole, was allowed phone contact with them. Therefore, Plaintiff claims that he has been discriminated against "due to being incarcerated and because he is black" and also because he has a "psychiatric condition." (Compl. at 19, 29.) Liberally construing his claims, the Court finds that Plaintiff has stated a cognizable Fourteenth Amendment claim against Defendant Kozak stemming from her actions of writing a report which led to Plaintiff being deprived of his right to familial association based on race.

The Court also finds that Plaintiff has stated a cognizable claim under the First and Fourteenth Amendment for unreasonably denying him contact with his daughter. "It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001). Liberally construed, Plaintiff's allegations that Defendant Kozak terminated contact with his daughter are sufficient to present a claim for "unwarranted interference" with Plaintiff's right to familial association, in violation of the First and Fourteenth Amendments. Id. at 686.

**B.    Retaliation**

Plaintiff also claims his First Amendment rights were violated because Defendant Kozak wrote the September 13, 2005 report in retaliation for a previous lawsuit Plaintiff filed against Mr. Dumber in 2003 for committing perjury and issuing false statements in a court proceeding, during which Plaintiff was deprived of his right to familial association with his children. He also alleges that Defendants Kozak and Phillips retaliated against him by denying him his right to familial association with his children based on his "psychiatric condition," because neither Defendant Kozak or Phillips "were or are aware of the facts nor symptoms that Plaintiff experience[s] related to his condition." (Compl. at 20.) Thus, Plaintiff claims that Defendants Kozak and Phillips retaliated

against him by denying him contact with his children because he had filed a previous lawsuit against Mr. Dumber. (Id.)

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. §1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The prisoner also must allege the defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Here, liberally construing his claim, the Court finds that Plaintiff sufficiently alleges he was retaliated against by Defendants Kozak and Phillips for filing a previous lawsuit. Therefore, the Court finds that Plaintiff has alleged a cognizable claim of retaliation against Defendants Kozak and Phillips.

### C. Municipal Liability

To the extent that Plaintiff has attempted to state a claim for municipal liability on the part of Defendant Mendocino County Department of Social Services as an agency, the Court finds that he fails to state such a claim.

A municipality can be a "person" subject to liability under § 1983 when its official policy or customs cause a constitutional tort, but a municipality cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). A municipality also may be liable for constitutional violations resulting from its failure to supervise, monitor or train, but only where that failure

6

amounts to deliberate indifference to the rights of persons with whom the municipality's employees come into contact. See Canton v. Harris, 489 U.S. 378, 388 (1989). Thus, to establish that the Monell liability, a plaintiff must demonstrate that: (1) he had a constitutional right of which he was deprived; (2) the agency had a custom created by those who may be fairly said to determine official policy, which amounted to, at a minimum, deliberate indifference to the plaintiff's constitutional rights; and (3) the custom was the moving force behind the constitutional violation. See Blair v. City of Pomona, 223 F.3d 1074, 1079 (9th Cir.2000); see also Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992).

Here, Plaintiff has not alleged grounds for municipal liability against Defendant Mendocino County Department of Social Services based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. See Monell, 436 U.S. at 691. Accordingly, Plaintiff's claim against Defendant Mendocino County Department of Social Services is DISMISSED.

**IV.    Pleading Requirements**

All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

Rule 3-4. Papers Presented for Filing.

(c) General Requirements.

(2) Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

(3) Identification of Paper. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action that case number must be included in the footer.

Rule 7-4. Brief or Memorandum of Points and Authorities.

(a) Content. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

\*\*\*

(2) If in excess of 10 pages, a table of contents and a table of authorities;
(3) A statement of the issues to be decided;
(4) A succinct statement of the relevant facts; and
(5) Argument by the party, citing pertinent authorities.

(b) Length. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## **CONCLUSION**

For the foregoing reasons,

1. Plaintiff Rohnbach is dismissed as a party to this action.

2. The Court finds that Plaintiff has stated cognizable claims under the First and Fourteenth Amendments against Defendant Kozak stemming from her actions of writing a report which led to Plaintiff being deprived of his right to familial association based on race and based on her refusal to allow Plaintiff to have contact with his daughter.

3. The Court finds that Plaintiff has alleged a cognizable claim of retaliation against Defendants Kozak and Phillips.

4. Plaintiff's municipal liability claim against Defendant Mendocino County Department of Social Services is DISMISSED.

5. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the original complaint (docket no. 1) in this matter, and a copy of this Order upon: **Social Workers Nancy Kozak and Melissa Phillips of the Mendocino**

**County Department of Social Services, Family and Children's Services Division.** The Clerk shall also mail copies of these documents to the Attorney General of the State of California. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

     6.     In order to expedite the resolution of this case, the Court orders as follows:

     a.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

     b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The Defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the Defendant], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in

support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

  9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  10. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

P:\PRO-SE\SBA\CR.07\Kinlaw0430.service.wpd10

IT IS SO ORDERED.

DATED: 9/22/09

                                           *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Kinlaw0430.service.wpdl 11

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA | |
| ARTHUR KIRLAW et al,<br>　　　　　Plaintiff,<br>　　v.<br>NANCY KOZAK et al,<br>　　　　　Defendant. | Case Number: CV07-00430 SBA<br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 25, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Kinlaw Den:00A3863
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733-0116

Dated: September 25, 2009

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Kinlaw0430.service.wpd　2